SHAWN N. ANDERSON
United States Attorney
JAMES J. BENEDETTO
Assistant United States Attorney
P.O. Box 500377
Horiguchi Building, Third Floor
Saipan, MP 96950
TEL: (670) 236-2980
FAX: (670) 236-2985

Attorneys for the United States of America

FILED
Clerk
District Court

APR -3 2018

for the Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| UNITED STATES OF AMERICA, | Criminal Case No. 1:18-cr-00001 |
|---|---|
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| LIANG LI, | |
| Defendant. | |

1  Plaintiff, United States of America, by and through Shawn N. Anderson, United States

2  Attorney for the Districts of Guam and the Northern Mariana Islands, and James J. Benedetto,

3  Assistant United States Attorney for the Districts of Guam and the Northern Mariana Islands, and

4  Defendant LIANG LI, and Defendant's counsel, Rene C. Holmes, agree to the following Plea

5  Agreement:

6  **1.    Guilty Plea and Maximum Statutory Penalties:**

7  Defendant LIANG LI agrees to enter a guilty plea to Count 1 of the Indictment charging

8  him with False Statement in Passport Application, in violation of 18 U.S.C. § 1542. Defendant

Plea Agreement - Page **1** of **12**

understands that this is a Class C felony[1] which carries a maximum penalty of not more than a ten-year term of imprisonment, and a fine not to exceed $250,000[2]; not more than a 3-year term of supervised release[3]; restitution[4]; and a $100.00 special assessment.[5]

In exchange for Defendant's guilty plea, the government agrees to recommend a sentence at the low end of the guidelines range, as determined by the U.S. Probation Office and the Court. Imposition of a term of supervised release after incarceration, conditions of supervised release, the amount of restitution, if any, and other aspects of the sentence are open to the Court, in its discretion.

It is further agreed that Defendant shall forfeit all identification documents, authentication features, false identification documents, document-making implements, and means of identification, as those terms are defined in 18 U.S.C. § 1028(d), except for Defendant's own identification documents, and own means of identification. Defendant also consents to revocation of his notarial license as a condition of this plea agreement, and further agrees that he shall not seek a new notarial license until discharged from probation or supervised release.

**2.   Effect on Immigration Status:**

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law many crimes are removable offenses. Removal and other immigration consequences are the subjects of a separate proceeding, however, and Defendant understands that no one, including his attorney and the Court,

---

[1] 18 U.S.C. § 3559(a)(3).
[2] 18 U.S.C. § 3571(b)(3).
[3] 18 U.S.C. § 3583(b)(2).
[4] 18 U.S.C. §§ 3663(a) and 3663A.
[5] 18 U.S.C. § 3013(a)(2).

Plea Agreement - Page **2 of 12**

can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States. Defendant understands that removal and other unanticipated collateral consequences will not serve as a ground for withdrawing his guilty plea.

**3.    The Court is Not a Party to the Agreement:**

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is generally a matter that is solely within the discretion of the Court. Defendant understands that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose a sentence as recommended by the government, or may choose not to follow the government's recommendation, and will be free to sentence Defendant to any term of incarceration up to the statutory maximum, in the Court's discretion. Defendant understands that if the Court chooses not to sentence in accordance with the government's recommendation, Defendant will not be given the option to withdraw his guilty plea.[6]

**4.    Waiver of Constitutional Rights:**

Defendant LIANG LI understands that by entering this plea of guilty, Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

(a).    The right to a jury trial;

(b).    The right to see, hear and question the witnesses;

(c).    The right to remain silent at trial;

---

[6] Fed.R.Crim.Pro. 11(c)(3)(B).

Plea Agreement - Page **3 of 12**

(d). The right to testify at trial; and

(e). The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney. Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

**5. Elements of the Offense:**

The United States and Defendant agree that in order to convict the Defendant of False Statement in Passport Application, in violation of 18 U.S.C. § 1542, the United States would have to prove the following elements beyond a reasonable doubt:

- First, that Defendant made a false statement in an application for a passport for his own use of that of another;

- Second, that the defendant did so with the intent to induce or secure the issuance of a passport under the authority of the United States and contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws; and

- Third, that the Defendant acted knowingly and willfully.

**6. Factual Basis and Statement of Facts:**

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for LIANG LI's guilty plea.

(a). On or about January 10, 2018, in the District of the Northern Mariana Islands, Defendant LIANG LI knowingly and willfully notarized a document dated January 8, 2018, entitled, "U.S. Department of State Statement of Consent: Issuance of a U.S. Passport to a Minor Under Age 16," (Statement of Consent) on behalf of Jian LIU and Yanan LI.

(b) The Defendant signed and dated a certification contained in the above document, as follows: "OATH: By signing this document, I certify that I am a licensed notary under laws and regulations of the state or country for which I am performing my notarial duties, that I am not related to the above affiant, that I have personally witnessed him/her sign this document, and that I have properly verified the identity of the affiant by personally viewing the above notated identification document and the matching photocopy."

(c) Jian LIU did not sign the Statement of Consent referred to above on January 8, 2018 or January 10, 2018.

(d) Jian LIU departed the United States on or about 2:30 a.m. on January 10, 2018.

(e) Jian LIU did sign another Statement of Consent before the Defendant on January 8, 2018, but that document was rejected by the U.S. Passport Office because it did not have a valid address.

(f) The Defendant knew then and there on January 10, 2018, when he signed the Statement of Consent and backdated it to January 8, 2018, that Jian LIU was not present and did not sign the Statement of Consent in Defendant's presence.

(g) Jian LIU was interviewed by Diplomatic Security Special Agent Joseph Parker and U.S. Embassy Beijing Criminal Fraud Investigator Shan Jin in Beijing, China, and

Mr. LIU confirmed that the signature on the Statement of Consent referred to in subsection (a), above, was not his signature.

(h) The Defendant knew that the Statement of Consent referred to in subsection (a), above, would be submitted in support of an application for a U.S. Passport for Jian LIU and Yanan LI's infant child.

(i) The Defendant intended that his conduct would aid or abet the issuance of a passport under the authority of the United States.

This statement of facts is made for the limited purpose of supporting Defendant's guilty plea. It therefore does not contain all facts relating to the underlying criminal conduct. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

**7.     The United States Agrees:**

(a).    Length of Imprisonment:

The United States agrees to recommend a sentence at the low end of the U.S.S.G. range.

(b).    Not to File Additional Charges:

The United States Attorney's Office for the Districts of Guam and the Northern Mariana Islands agrees not to bring any additional charges against Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment, unless Defendant breaches this Plea Agreement any time before or after sentencing.

**8.     United States Sentencing Guideline Calculations:**

Defendant understands and acknowledges that the United States Sentencing Guidelines

(hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine Defendant's applicable sentencing guideline range at the time of sentencing. In determining a sentence, the Court is obligated to consider that range, possible departures or variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a).

(a). Base Offense Level:

The parties both expect Defendant's base offense level to be **8**, pursuant to U.S.S.G. § 2L2.2.

(b). Specific Offense Characteristics:

The parties further expect Defendant's offense level to be enhanced by two (2) points pursuant to § 3B1.3. Defendant may challenge application of the enhancement.

(c). Acceptance of Responsibility:

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; and does not commit any obstructive conduct, the United States will not oppose Defendant receiving the maximum reduction available to him under U.S.S.G. § 3E1.1, which would be two (2) points.

(d). Criminal History:

Based on that information, if no other information is discovered, Defendant's criminal history category would be **I**.

(e). Guideline Range:

A total offense level of **8**, with a criminal history category **I**, leads to an advisory guideline range of **zero (0) to six (6) months**.

**9.** **Criminal Fine:**

The United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

**10.     Mandatory Special Penalty Assessment:**

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the District of the Northern Mariana Islands, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

**11.     Substantial Assistance:**

The United States agrees to furnish the Defendant an opportunity to provide "substantial assistance," that is, information and assistance in the investigation and prosecution of others. If Defendant wishes to avail himself of that opportunity, Defendant will agree to meet with federal and state law enforcement agents in an attempt to assist them in obtaining information that would form the basis of a motion for correction or reduction of sentence to be filed pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). Defendant understands that whether any such information amounts to substantial assistance is a determination left to the United States Attorney's Office. Additionally, if Defendant wishes to provide "substantial assistance," the following agreements, understandings and obligations shall apply:

(a).     Defendant must provide information and assistance in the federal or state investigation and prosecution of others who have the same as or greater involvement than Defendant's involvement in violations of the law.

(b).     Defendant understands and agrees to participate in full debriefings by federal and local investigative agencies about Defendant's knowledge of illegal conduct, at times and places to be decided by these agencies. Defendant agrees to provide complete, accurate, and truthful

information during the debriefings. Such debriefings may involve the use of a polygraph, if requested by the agencies. It is understood that Defendant may have an attorney present at the debriefings. Defendant also agrees to participate in any future court proceeding involving any named or unnamed co-conspirators and any other persons involved in criminal activity, by testifying completely and truthfully. Such court proceedings include grand jury proceedings, trials, and sentencing hearings.

    (c). Defendant understands this agreement does not protect him from prosecution for perjury, obstruction of justice, or any other offense should Defendant commit any crime during Defendant's cooperation under this agreement.

    (d). Defendant understands further that if the United States determines that Defendant has provided "substantial assistance" and a motion is made, the Court will be free to impose any sentence, even one below the applicable Guidelines sentencing range and below any statutory minimum. If a "substantial assistance" motion is filed, both the United States and Defendant will be free to make a specific recommendation with respect to any correction or reduction of sentence. It is understood that the United States will inform the sentencing judge about the timing and extent of Defendant's cooperation.

    (e). Defendant understands that, if the United States files a motion indicating Defendant has provided "substantial assistance," the appropriate reduction shall be determined by the Court for reasons including consideration of the following: (1) the Court's evaluation of the significance and usefulness of Defendant's assistance, taking into consideration the United States' evaluation of the assistance rendered; (2) the truthfulness, completeness, and reliability of any information or testimony provided by Defendant; (3) the nature and extent of Defendant's assistance; (4) any injury suffered, or any danger or risk of injury to Defendant or Defendant's family resulting from

Defendant's assistance; and (5) the timeliness of Defendant's assistance. *See* U.S.S.G. § 5K1.1(a)(1)-(5).

**12. Payments While Incarcerated:**

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn the money to pay toward these obligations by participating in any program made available to him by the Bureau of Prisons.

**13. Appeal Rights:**

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his right to appeal his conviction. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel, or one based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

**14. Integration Clause:**

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Districts of Guam and the Northern Mariana Islands, and cannot bind other federal, state or local authorities. The United States and Defendant agree that this Plea Agreement is effective when signed by all parties and cannot be modified except in a writing that is signed by the United States and Defendant.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Districts of Guam and the Northern Mariana Islands.

Shawn N. Anderson
United States Attorney

By: _____    4/3/18
James J. Benedetto                                   Date
Assistant U.S. Attorney

## Defendant's Certification

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

I further understand that if I am not a citizen of the United States, my guilty plea and conviction make it practically inevitable and a virtual certainty that I will be removed or deported from the United States. I agree that my attorney has told me this and that I still want to plead guilty.

_____    4/2/18
LIANG LI                                   Date
Defendant

**Attorney's Certification**

I have read the Plea Agreement and have discussed the contents of the agreement with my client. I am of the opinion that the Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I am not aware of any reason why the Court could not accept the defendant's plea of guilty.

_____
Rene C. Holmes
Attorney for Defendant LIANG LI

4/2/18
Date