**JANET H. KING**
**KING LAW OFFICE, LLC**
**D'Torres Bldg., Floor 2**
**PMB 763 P.O. Box 10001**
**Saipan, MP 96950 Telephone: 670-233-1209**
**Facsimile: 844-233-0419**
**Attorneys for the United States of America**

*Attorney for Defendant Liang Li*

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff<br><br>v.<br><br>LIANG LI,<br><br>                    Defendant. | Criminal Case No.1:18-cr-00001<br><br>**AMENDED DEFENDANT'S MEMORANDUM IN AID OF SENTENCING** |

Defendant LIANG LI, through undersigned counsel, respectfully submits this memorandum for the sentencing set for September 7, 2018 in this matter. Mr. Li entered into a Plea Agreement on April 2, 2018 and pleaded guilty before the Honorable Ramona V. Manglona on April 3, 2018 to False Statement in Passport Application, in violation of 18 U.S.C. § 1542. Also, on May 29, 2018, Mr. Li retained undersigned counsel and on August 8, 2018, Mr. Li, through counsel, filed his motion to withdraw the guilty plea. The hearing on the motion to withdraw the guilty plea is set for September 5, 2018, and this submission provides background information and addresses the statutory factors relevant to determination of a reasonable and appropriate sentence for Mr. Li.

A. **Summary of Offense and Statement of Facts**

The summarized factual statements based on the Discovery, Plea Agreement[1], Defendant's Objection to the Presentence Investigation Report (ECF No. 35), the Final Presentence Report (ECF No. 50), and the Defendant's Objection to the Final Presentence Report (ECF. 51) are as follows:

1. On January 8, 2018, an individual named "Batu" who is directly tied to Honeybaby, a birth tourism company, hired How Yo CHI to take Jian LIU and Yanan LI to the U.S. Social Security Office and to the U.S. Passport Office in order to obtain a passport for their U.S. born infant. All of the forms related to the passport were filled out not by Jian LIU and Yanan Li, but by Batu and CHI.

2. Also on January 8, 2018, CHI took the couple to Liang LI to notarize a DS-3053, which Jian LIU signed before Liang LI.

3. On January 10, 2018 at approximately 2:15 a.m., Jian LIU departed the Northern Mariana Islands.

4. On January 10, 2018, How Yo CHI took Yanan LI to the U.S. Passport Office, where the notarized DS-3053 was rejected. It was only at that time that Yanan LI and How Yo CHI learned that the DS-3053 was incorrectly filled out. How Yo CHI filled out another DS-3053, on behalf of Jian LIU, and dated it January 8, 2018. Yanan LI signed as "Jian LIU."

5. After the U.S. Passport Office rejected the DS-3053 dated January 8, 2018, How Yo CHI then took Yanan LI back to Liang LI.

6. How Yo CHI provided Liang LI with the original DS-3053 dated January 8, 2018 and told

---

[1] Plea Agreement ¶ 6 (Factual Basis).

him there was a technical mistake on the form. How Yo CHI pointed out that the original form contained a Saipan address and it needed a China address. How Yo Chi told Liang Li to notarize the new DS-3053 with the correct China address. Liang LI then notarized the new DS-3053 How Yo CHI provided– which contained a China address, was dated January 8, 2018, and bore the signature of Jian LIU.

7. On January 11, 2018, Honolulu Resident Office (HRO), Resident Agent in Charge (RAC) Marc Weinstock and HRO Special Agent (SA) Joseph Kramer interviewed How Yo CHI, who told them that Batu paid him $300.00 for providing transportation and translation services specifically for Yanan LI and Jian LIU. Also on January 11, 2018, RAC Weinstock and SA Kramer interviewed Liang LI, who admitted to them that Jian LIU was not present when, on January 10, 2018, he had notarized the second DS-3053 dated January 8, 2018.

8. In addition, Liang LI provided a photo of a DS-3053 which was actually signed by Jian LIU on January 8, 2018 and which he notarized. The agents did not have this DS-3053 and were not aware of this DS-3053 until Liang LI showed them the photo.

9. Yanan LI and her infant child departed Saipan, Northern Mariana Islands sometime before the Grand Jury convened on February 2, 2018.

10. To date, no U.S. Passport was ever issued to the infant child of Jian LIU and Yanan LI.

11. All forms, including the DS-3053 submitted to the U.S. Passport Office on January 10, 2018 and at issue in this matter, were filled out for Jian LIU and Yanan LI by either Batu or by How Yo CHI with instructions from Batu.

12. There is no personal or business connection between Liang LI and the couple (Jian LIU and Yanan LI), or between Liang LI and Batu and How Yo CHI.

B. **Sentencing Guidelines**

### 1. Offense Level Computation

a. The Defendant concurs with the Probation Office that the guideline for a violation of 18 U.S.C. § 1542 is USSG § 2L2.2, and the base offense level is eight which dictates a sentencing range of zero to six months.[2]

b. The Defendant concurs with the Probation Office as to finding zero for Specific Offense Characteristics, Victim Related Adjustment and Obstruction of Justice.[3]

c. Position of Trust Enhancement

A position of trust is defined in USSG § 3B1.3. Under § 3B1.3, a court may increase a defendant's sentence by two offense levels "[i]f the defendant abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense." There is no specific justification for this application in the final Presentence Investigation Report (ECF No. 50), except para. 6 states:

> The parties[4] expect the offense level to be enhanced by two (2) points for Abuse of Position of Trust pursuant to §3B1.3.

A notary public is considered a position of trust. With the position of trust enhancement, Mr. Li's base offense level of eight increases to ten and the sentencing range to six to twelve months.

d. Acceptance of Responsibility

The Court should at all times consider the two level reduction for acceptance of responsibility, and the total offense level of 10 should be reduced to eight. For the sole justification that Mr. Li does not qualify for a two level reduction for acceptance of responsibility, the Probation

---

[2] *See* ECF No. 50 ¶ 24 (Base Offense Level).
[3] *See* ECF No. 50 ¶¶ 25, 26, 28.
[4] The "parties" here refer to the AUSA Jim Benedetto, Esq. and Mr. Li's former counsel, Rene Holmes, Esq.

Officer stated:

> However, in an interview, the defendant informed the Probation Officer that he felt "pressured into signing the [plea] agreement." He stated he believes that he did not commit a crime but rather, made a mistake and that he should not be punished for it or labeled a convicted felon. Furthermore, he informed that he plans to withdraw his plea as soon as possible. Therefore, this Officer believes the defendant does not qualify for the two points reduction for acceptance of responsibility.

Mr. Li's decision to withdraw his plea agreement should not affect his acceptance of responsibility. Criminal defendants who plead guilty and later withdraw the plea agreement should not be punished for this exercise of the judicial process. Here, Mr. Li pleaded guilty to an offense that is related to the issuance of a U.S. Passport. The Discovery in this case did not identify Mr. Li as having any connection to the birth tourism industry or to Batu. In addition, the U.S. Diplomatic Services never issued the U.S. Passport at issue here. Further, Mr. Li received his plea agreement on Friday, March 30, 2018. His attorneys refused to meet with him over the weekend. By the end of the day on Monday, April 2, 2018, he signed the plea agreement. By Tuesday, April 3, 2018, he pleaded guilty in Court. His withdrawal basis is not based on circumventing the plea agreement process; rather, he wishes to exercise his right to a trial on the technical application of the laws under which he is charged, and if convicted, to appeal.

Next, on January 11, 2018, when two investigators questioned Mr. Li about the DS-3053s, Mr. Li immediately admitted that Jian LIU was not present on January 10, 2018. He also readily provided the investigators with a photo copy of the DS-3053 signed on January 8, 2018 by Jian LIU showing the Saipan address. Further, he admitted that he should not have notarized the DS-3053 on January 10, 2018. He did not know that Jian LIU had left the Northern Mariana Islands in the early morning hours of January 10, 2018. When interviewed, Mr. Li told the Probation Office that he is not a felon -- meaning he should not be convicted under § 1542. This does not

mean that Mr. Li does not believe he did nothing wrong. In fact, Mr. Li freely and willingly relinquished his notary privileges to the CNMI Attorney General's Office.

2. History and Characteristics of the Defendant

Mr. Li has no criminal history. He is also a successful, hard working businessman. He was previously married and he has one young child. He is a naturalized U.S. Citizen.

Mr. Li did not commit this offense because he was a part of the so-called birth tourism industry with the likes of Batu and How Yo CHI. Mr. Li notarized the second DS-3053 thinking he was replacing the DS-3053 with a Saipan address with the correct one showing a China address. The history and characteristics of Mr. Li mandate the lowest possible sentence: no fine or jail time, probation for 6 months. Society would not be served by incarcerating Mr. Li.

C. Conclusion

Given the relatively minor nature of this offense, a sentence of supervised probation for 6 months and no fine is just.

Dated: Saipan, CNMI, August 31, 2018.

KING LAW OFFICE, LLC


  /s/Janet H. King_____
JANET H. KING, Esq. F0368
Attorney for Defendant Liang Li